# Exhibit A

FILED

In the District Court of Wyandotte County, Kansas JUL 31 PM 2: 55
Limited Actions Division

CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS

Robert G. Hutchinson

    Plaintiff,

vs.

Midland Credit Management Inc.,

    Defendant.

Case No.: 14LM3562
Division: 11

DEPUTY

## PETITION

### COUNT I
(Offering to settle and misrepresenting the status of a payment on stale debt. – Violation of the Fair Debt Collections Practices Act – 15 U.S.C. §1692 et seq.)

Comes now Plaintiff Robert G. Hutchinson and for Plaintiff's petition against Defendant Midland Credit Management Inc. hereby alleges as follows:

1. Plaintiff is a natural person residing in Kansas.

2. Defendant regularly conducts business in the state of Kansas.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(2) and is alleged to have owed a "debt" of a personal, family, or household nature, as defined by 15 U.S.C. §1692a(5).

4. Defendant is regularly engaged in the third-party collection of consumer debt and are "debt collectors" as defined by the Fair Debt Collection Practices Act (hereafter FDCPA), at U.S.C. §1692a(6).

5. Defendant is engaged in the business of purchasing and collecting "charged-off" consumer accounts alleged to have been originally owed to others

(hereinafter "originating creditor").

6. Some of the portfolios Defendant's purchase consists of debts that are "stale" or the statute of limitations has expired.

7. On March 21, 2014, Defendant sent Plaintiff the letter attached as Exhibit A.

8. The debt described in Exhibit A is barred by the applicable statute of limitations.

9. The Defendant was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

10. On January 30, 2012, another national debt buyer, Asset Acceptance, was sued by the United States of America in the Middle District of Florida for imprudent collection practices.

11. Part of the allegations of that petition read as follows:

### Defendant's Practices When Collecting Debts Beyond the Statute of Limitations

30. Because Asset Acceptance regularly collects older debt, and because its business strategy includes holding the debt it purchases for several years, a large percentage of the individual accounts it collects are past the statute of limitations.

31. The statute of limitations for any given debt can vary from as short as two to three years to as long as fifteen or more years, and depends on several factors, including the date that the debt was last paid or went into default, the law governing the limitations period for the type of debt (e.g., telecommunications, credit card, health club, etc.), whether the debt is based on an oral or written contract, and whether the debt is the result of a judgment. A debt that is past the statute of limitations can be revived in many states if the consumer either makes a payment on the debt or states, in writing, an intention to pay it.

12. In that petition, the United States alleged the following:

33. Asset tracks the date that it believes any given account will go past the statute of limitations. Collectors are trained how to collect past-statute debts, and are taught that the debt will be revived if the consumer makes a partial payment on such a debt. When a consumer cannot pay a debt in full, but can pay something, Asset will enter into a payment plan with that consumer.

13. The United States alleged the problems for the consumers when a debt buyer is collecting these stale debts as follows:

3

      34.    Many consumers do not know if the accounts that Asset is attempting to collect are beyond the statute of limitations. Consumers also do not realize that making a partial payment on a debt, or making a written promise to pay will, in many instances, revive the debt. When Asset contacts consumers to collect on a debt, many consumers believe they could experience serious negative consequences, including being sued, if they fail to pay the debt. Similarly, many consumers believe that making a partial payment on a debt in response to Asset's collection efforts is a positive action that can avert the negative consequences of nonpayment. If consumers knew, in connection with a past-statute debt, that Asset had no legal means to enforce collection of the debt, or understood that making a partial payment or a written to promise to pay would revive it, some consumers would likely choose not to make a payment or a written promise to pay.

14.    Kansas is a state that has a revival statute such as the one indicated in the petition by the United States.

15.    K.S.A. 60-520 entitled "part payment or acknowledgment of liability" states that "in any case founded on contract, when any part of the principal or interest shall have been paid .... an action may be brought in such case within the period prescribed for the same, after such payment", which fully revives the statute of limitations, regardless of how long the debt has been stale.

16.    As a result of the litigation with the United States and Asset Acceptance entered into a Consent Judgment on January 31, 2012.

17.    As part of the Consent Judgment, Asset Acceptance agreed to include the following language in any demand for debt upon which the statute of limitations has expired:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we [Asset Acceptance, LLC], may [continue to] report it to the credit reporting agencies [as unpaid].

18. Therefore, attempts to collect on stale debts have been found to be deceptive acts.

19. Presumably based upon this consent judgment, the Defendant has sent a letter to the Plaintiff which includes the following language: "The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid."

20. This was included because the alleged debt had long expired under the two year statute of limitations.

21. This warning shows that Defendant had actual knowledge of the staleness of this debt.

22. The Defendant is telling the Plaintiff that a payment on this debt will improve Plaintiff's financial condition.

23. The letter also offers a settlement plan and an offer to work with the consumer with flexible payment plans.

24. The true effect of luring the Kansas consumer into making a payment under the impression that the payment will improve the consumer's finances is to resurrect an old debt, now subjecting the consumer to being sued on the debt and waiving the affirmative defense of the statute of limitations.

5

25. Nowhere does the letter indicate this legal effect of a payment.

26. This is exactly the type of concern the United States had when it sued Asset Acceptance as described in paragraph 34 of the complaint quoted above, where consumers were lulled into thinking that a partial payment was a way to avoid negative consequences.

27. This conduct violates 15 USC 1692e(2)(A) which prohibits the false representation of the character, amount, or legal status of any debt; and 10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

28. The standard in determining whether the Plaintiff violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172 -75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

29. The above-described acts are misleading to the least sophisticated consumer.

30. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

6

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF KANSAS CONSUMER PROTECTION ACT

COMES NOW Defendant, and as for Count II against Defendant, states and alleges as follows:

32. Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

33. Plaintiff is a consumer as defined by K.S.A. §50-624(b) of the Kansas Consumer Protection Act (KCPA).

34. Defendant is a supplier of consumer products as defined by K.S.A. §50-624 and is subject to the requirements and provisions of the Kansas Consumer Protection Act.

35. The transaction at issue is a consumer transaction as defined by K.S.A. §50-624(c).

36. K.S.A §50-626 provides that "(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."

37. The above-described actions of Defendant violated section K.S.A. § 50-626(b)(1) by falsely making *representations made knowingly or with reason to know that: (A) property or services have sponsorship, approval, accessories, characteristics,*

*ingredients, uses, benefits or quantities that they do not have; and that (B) the supplier has a sponsorship, approval, status, affiliation or connection that the supplier does not have.*

38. Furthermore, K.S.A §50-627 provides that "(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

39. In determining whether an act or practice is unconscionable, K.S.A §50-626 provides that the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

> *(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*
>
> *(6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.*

40. Defendant's acts and omissions as described herein are deceptive pursuant to K.S.A. §50-626 and unconscionable pursuant to K.S.A. §50-627.

41. By virtue of the actions of Defendant, Plaintiff was aggrieved by virtue of the imposition of some burden or obligation that federal law was designed to alleviate.

42. Defendant's acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

43. Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

44. Because of Defendant's deceptive acts, is an aggrieved consumer, has been harmed, has incurred actual damages, and has incurred attorney fees.

WHEREFORE, Plaintiff respectfully prays for judgment on Count II against Defendant and requests the Court:

a. Award actual damages and restitution to Plaintiff;

b. If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation pursuant to K.S.A. §50-634(b) and K.S.A. §50-636 for each and every violation of the Kansas Consumer Protection Act;

c. Award costs and reasonable attorneys' fees, pursuant to K.S.A. §50-634; and

d. Such other and further relief as the Court deems just and equitable.

Respectfully Submitted,
ATTORNEYS FOR PLAINTIFF

A.J. STECKLEIN #16330
MICHAEL RAPP # 25702
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: aj@kcconsumerlawyer.com
mr@kcconsumerlayer.com



Midland Credit Management, Inc.
8875 Aero Drive
Suite 200
San Diego, CA 92123

SCANNED
MAY 1 5 2014



| MCM Account Number |
|---|
| 8535094983 |
| **Original Creditor** |
| VERIZON WIRELESS |
| **Original Account Number** |
| 058505316700001 |
| **CURRENT BALANCE** |
| $1,362.65 |

01-08-2014

Robert Hutchinson
2817 N 100th St
Kansas City, KS  66109-7850

You are **pre-approved** for a 60% discount!
Call now: (800) 282-2644

### Choose The Option That Works For You.

RE: Verizon Wireless

Dear Robert,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 282-2644. Pay online today at www.midlandcreditonline.com.

**Option 1: 60% OFF**
Payment Due Date: 02-07-2014
You Pay Only
**$545.06**

**Option 2: 20% OFF**
First Payment Due Date: 02-07-2014
6 Monthly Payments of Only
**$181.68**

**Option 3: Monthly Payments As Low As:** **$50 per month†**
Call today to discuss your options and get more details.

**Benefits of Paying!**

- Save up to $817.59 if you choose Option 1.
- Offer expiration date: 02-07-2014
- After receiving your final payment, we will consider the account PAID IN FULL and the three major credit reporting agencies will be updated accordingly.

**CALL US TODAY!**
**(800) 282-2644**

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

H. Torres
Division Manager

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.



EXHIBIT A

We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations.

Hours of Operation:
M – Th 6am – 7pm
Fri 6am – 5pm
Sat 6am – noon
Sun 5am – 12:30pm PST

 Call: (800) 282-2644

 Click: www.midlandcreditonline.com

 Mail: Payment coupon below

PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION
Please tear off and return lower portion with payment in the envelope provided

Important Disclosure Information:

> Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

The offer to settle this account for the discount(s) offered in this letter remains open until 02-07-2014. For further information, please call one of our Account Managers at (800) 282-2644.

**MAIL PAYMENTS TO:** P.O. Box 60578, Los Angeles, CA 90060-0578

**MAIL CORRESPONDENCE BUT NO PAYMENTS TO:** MCM's business address at 8875 Aero Drive, Suite 200, San Diego, CA 92123

**We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:**

**IF YOU LIVE IN COLORADO, THIS APPLIES TO YOU:**
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

Midland Credit Management has a Colorado office with the following address and telephone number: 80 Garden Center, Suite 3, Broomfield, CO 80020. Telephone number: (303) 920-4763.

**Only physical in-person payments may be accepted at this office location. All payments made via mail should be sent to the following address:** P.O. Box 60578, Los Angeles, CA 90060-0578

**IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:**
NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POST MARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO MIDLAND CREDIT MANAGEMENT, INC.

**IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU:** New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728

**IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU:** North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777. Midland Credit Management, Inc. 8875 Aero Drive, Suite 200, San Diego, CA 92123

**IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**IF YOU LIVE IN CALIFORNIA, THIS APPLIES TO YOU:**
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov.

"Nonprofit credit counseling services may be available in the area."

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

**IF YOU LIVE IN UTAH, THIS APPLIES TO YOU:** As required by Utah law, you are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.

**IF YOU LIVE IN WYOMING, THIS APPLIES TO YOU:** As required by law, you are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.

 Midland Credit Management, Inc.
8875 Aero Drive
Suite 200
San Diego, CA 92123

*fAX*

03-21-2014



Robert Hutchinson
2817 N 100th St
Kansas City, KS 66109-7850



| MCM Account Number | |
|---|---|
| | 8535094983 |
| **Original Creditor** | |
| | VERIZON WIRELESS |
| **Original Account Number** | |
| | 058505316700001 |
| **CURRENT BALANCE** | |
| | $1,362.65 |

You are pre-approved for a 60% discount!
Call now: (800) 282-2644

### Choose The Option That Works For You.

RE: Verizon Wireless

Dear Robert,

Congratulations! You have been **pre-approved** for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you by calling (800) 282-2644. Pay online today at www.midlandcreditonline.com.

| Option 1: 60% OFF Payment Due Date: 04-20-2014 | You Pay Only $545.06 |
|---|---|
| Option 2: 20% OFF 1st Payment Due Date: 04-20-2014 | 6 Monthly Payments of Only $181.68 |
| Option 3: Monthly Payments As Low As: Call today to discuss your options and get more details. | $50 per month† |

### Benefits of Paying!

➢ Save up to $817.59 if you choose Option 1.

➢ Offer expiration date: 04-20-2014

➢ After receiving your final payment, we will consider the account PAID IN FULL and the three major credit reporting agencies will be updated accordingly.

**CALL US TODAY!**
**(800) 282-2644**

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

*H. Torres*
H. Torres
Division Manager

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid.

---

We are not obligated to renew this offer. We will report forgiveness of debt as required by IRS regulations.

Hours of Operation:
M – Th: 6:00am – 7:00pm PST
Fri: 6:00am – 5:00pm PST
Sat: 6:00am – 2:00pm PST
Sun: 5:00am – 1:30pm PST

Call: (800) 282-2644   Click: www.midlandcreditonline.com   Mail: Payment coupon below

**PLEASE SEE REVERSE SIDE FOR IMPORTANT DISCLOSURE INFORMATION**
*Please tear off and return lower portion with payment in the envelope provided*

## PAYMENT COUPON

MCM Account No.: 8535094983
Original Account No.: 058505316700001
Current Balance: $1,362.65

Payment Due Date: 04-20-2014

Amount Enclosed: _____

Payment Options:
1) Mail in this coupon with your payment
2) Pay by phone (800) 282-2644

Make Check Payable to:
Midland Credit Management, Inc.

PO Box 60578
mcm Los Angeles, CA 90060-0578

Important Disclosure Information:

Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

The offer to settle this account for the discount(s) offered in this letter remains open until 04-20-2014. For further information, please call one of our Account Managers at (800) 282-2644.

MAIL PAYMENTS TO: P.O. Box 60578, Los Angeles, CA 90060-0578

MAIL CORRESPONDENCE BUT NO PAYMENTS TO: MCM's business address at 8875 Aero Drive, Suite 200, San Diego, CA 92123

We are required under state law to notify consumers of the following rights. This list does not contain a complete list of the rights consumers have under state and federal law:

IF YOU LIVE IN COLORADO, THIS APPLIES TO YOU:
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA

A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

Midland Credit Management has a Colorado office with the following address and telephone number: 80 Garden Center, Suite 3, Broomfield, CO 80020. Telephone number: (303) 920-4763.

Only physical in-person payments may be accepted at this office location. All payments made via mail should be sent to the following address: P.O. Box 60578, Los Angeles, CA 90060-0578

IF YOU LIVE IN MASSACHUSETTS, THIS APPLIES TO YOU:
NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN (10) DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POST MARKED OR DELIVERED WITHIN SEVEN (7) DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO MIDLAND CREDIT MANAGEMENT, INC.

IF YOU LIVE IN NEW YORK CITY, THIS APPLIES TO YOU: New York City Department of Consumer Affairs License Number 1140603, 1207829, 1207820, 1227728

IF YOU LIVE IN NORTH CAROLINA, THIS APPLIES TO YOU: North Carolina Department of Insurance Permit #101659, #4182, #4250, and #3777. Midland Credit Management, Inc. 8875 Aero Drive, Suite 200, San Diego, CA 92123

IF YOU LIVE IN TENNESSEE, THIS APPLIES TO YOU: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

IF YOU LIVE IN CALIFORNIA, THIS APPLIES TO YOU:
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or http://www.ftc.gov.

"Nonprofit credit counseling services may be available in the area."

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

IF YOU LIVE IN UTAH, THIS APPLIES TO YOU: As required by Utah law, you are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.

IF YOU LIVE IN WYOMING, THIS APPLIES TO YOU: As required by law, you are hereby notified that a negative report on your credit record may be submitted to a credit reporting agency if you fail to meet the terms of your credit obligations.